United States District Court
for the
Southern District of Florida

| Plantation Open MRI LLC (a/a/o | ) | |
| Jorge Hidalgo), Plaintiff, | ) | |
| | ) | Civil Action No. 19-60911-Civ-Scola |
| v. | ) | Civil Action No. 19-60912-Civ-Scola |
| | ) | (consolidated cases) |
| Infinity Auto Insurance Company, | ) | |
| Defendant. | ) | |

**<u>Order Granting Defendant's Motion to Dismiss</u>**

This matter is before the Court on Defendant Infinity Auto Insurance Company's Motion to Dismiss the Plaintiff's complaint. (ECF No. 9.) The Plaintiff timely filed a response (ECF No. 26) and the Defendant replied (ECF No. 28). After reviewing the parties' written submissions, the record, and applicable law, the Court **grants** the Defendant's motion to dismiss (**ECF No. 9**).

I. **Factual Background**

On August 7, 2018, Infinity Auto Insurance Company, the Defendant in this case, filed a notice of removal in case number 18-cv-61825-JIC. *Plantation Open MRI LLC v. Infinity Auto Ins. Co.,* No. 18-cv-61825 (S.D. Fla. Aug. 7, 2018) (Cohn, J.). On October 22, 2019, Infinity Indemnity Insurance Company, the Defendant in related case number 19-cv-60912-RNS, filed a notice of removal in case number 18-cv-62533-JIC. *Plantation Open MRI LLC v. Infinity Indemnity Ins. Co.,* No. 18-cv-62533 (S.D. Fla. Oct. 22, 2018) (Cohn, J.). Judge Cohn consolidated the two cases, along with a third related case, because they were filed against three wholly-owned subsidiaries of Infinity Insurance Company and involve the same claims and the same operative facts. (*See* ECF No. 46 in Case No. 18-cv-61825-JIC.) Judge Cohn dismissed the consolidated actions ("*Hidalgo I*") with prejudice on January 22, 2019. (*Id.* at ECF No. 72.) The issue before the Court in *Hidalgo I* was whether the insurance agreement between the parties covered 80% or 100% of the plaintiff's medical expenses. (*Id.* at 2; *see also* ECF No. 1-2 at ¶ 10 in Case No. 18-cv-61825-JIC.)

On April 8, 2019, Infinity Auto Insurance Company and Infinity Indemnity Insurance Company again filed notices of removal in two separate lawsuits filed by the Plaintiff: *Plantation Open MRI LLC v. Infinity Indemnity Ins. Co.,* No. 19-cv-60911-RNS (S.D. Fla. April 8, 2019) and *Plantation Open MRI LLC v. Infinity Indemnity Ins. Co.,* No. 19-cv-60912-WJZ (S.D. Fla. April 8, 2019). On May 28, 2019, the Court consolidated the two related actions ("*Hidalgo II*") and they are

now pending before this Court. The issue before the Court in *Hidalgo II* is whether the Defendant improperly misapplied the insurance policy's deductible to the Plaintiff's claim. (ECF No. 1-1 at 2 n.1.) Both *Hidalgo I* and *Hidalgo II* involve the same parties, the same insurance contract, and a claim for medical expenses based on breach of contract. The Plaintiff tried to raise the misapplication of the deductible for the first time in its response to the Defendant's motion to dismiss in *Hidalgo I,* but the Court held that the misapplication of the deductible was not pleaded in the Plaintiff's complaint. (ECF No. 3-1 at 6 n.2.) Now, in *Hidalgo II,* the Plaintiff is attempting to assert the misapplied deductible issue that it failed to raise in *Hidalgo I.* (ECF No. 26 at 2.)

## II.   Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Pleadings by pro se plaintiffs are held to less stringent standards than those drafted by attorneys; all pleadings are construed to do substantial justice. *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Id.*

While the court's review in considering a 12(b)(6) motion is ordinarily "limited to the four corners of the complaint," *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009), a court may nonetheless consider documents that the complaint incorporates by reference as well as matters that may be judicially noticed, *Tellabs, Inc. V. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may take judicial notice of "facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Sherleigh Assocs., LLC v. Windmere-Durable Holdings, Inc.*, 178 F. Supp. 2d 1255, 1268 (S.D. Fla. 2000) (Lenard, J.). This includes copies of filings from an earlier lawsuit to show that plaintiff's lawsuit is barred by res judicata. *See Concordia v. Bendekovic,* 693 F.2d 1073, 1076 (11th Cir. 1982).

## III. Analysis

The Defendant now moves to dismiss the Plaintiff's complaint based on res judicata, specifically impermissible claim-splitting. In *Hidalgo I* the Plaintiff alleged that "Infinity has expressly limited, and continues to limit, reimbursement at 80 percent of 200 percent of Medicare Part B Schedule." (ECF No 1-2 at ¶ 40 in Case No. 18-cv-61825-JIC.) In *Hidalgo II,* the Plaintiff alleges that "the Defendant is in breach by reducing the amount of PIP Benefits being reimbursed to the Class Plaintiffs, which is effectuated by way of applying the Fee Schedule Reductions [in Fla. Stat. § 627.739] in advance of applying the deductible under the Policies." (ECF No. 1-1 at ¶ 24.) The Defendant argues that the issue of whether it misapplied the deductible under Florida Statute § 627.739 should have been raised in *Hidalgo I* as it relates to the same policy between the same parties. (ECF No. 26 at 8.) Because Plaintiff failed to raise the issue, its claim is now barred by res judicata.

In response, the Plaintiff filed a largely unintelligible document with a brief introduction followed by a direct copy and paste of its motion to remand (ECF No. 20) filed in the same case. (ECF No. 26.) The response challenges subject matter jurisdiction, which is irrelevant to the arguments presented by the Defendant, and then pastes a three-and-a-half-page single-spaced excerpt from a case with no analysis. (*Id.* at 5-9.) This is followed by email excerpts that are also pasted in full into the body of the response. The pasted emails span another five pages of single-spaced text with no analysis. (*Id.* at 8-13.) The response then ends with a certificate of conferral, unnecessary and inappropriate in a *response*, which states that the Plaintiff has made "reasonable efforts to confer with Respondent's counsel before filing this **motion to remand**." (*Id.* at 15.) The Plaintiff has made no effort whatsoever to respond to or analyze the Defendant's arguments or present any reason why this Court should not dismiss this case with prejudice. Despite the Plaintiff's sanctionable response, the Court will briefly address the merits of Defendant's motion.

The Eleventh Circuit has held that the claim-splitting doctrine "ensures that a plaintiff may not split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails." *Vanover v. NCO Financial Services, Inc.*, 857 F.3d 833, 841 (11th Cir. 2017). To determine whether a complaint presents an improper issue of claim-splitting, the district court must analyze "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Id.* at 841-42. "Successive causes of action arise from the same transaction or series of transactions when the two actions are based on the same

nuclease of operative facts." *Id.* at 842. Here, *Hidalgo I* and *Hidalgo II* involve the same parties, Plantation Open MRI as assignee of Jorge Hidalgo, and Infinity Auto Insurance and Infinity Indemnity Insurance. In *Hidalgo I,* the Plaintiff claimed that the Defendant breached the insurance policy by reimbursing 80%, instead of 100% of reasonable medical expenses. In *Hidalgo II*, the Plaintiff claims that the Defendant breached the same policy by misapplying the deductible on the very same bill that was at issue in *Hidalgo I.* "The factual bases for both lawsuits are related in time, origin, and motivation, and they form a convenient trial unit, thereby precluding [the Plaintiff] from splitting [its] claims among the lawsuits." *Id.* at 842-43. The Plaintiff failed to raise the deductible misapplication issue in *Hidalgo I* and is now precluded from raising it in this case.

### IV. Conclusion

Accordingly, the Court **grants** the Defendant's motion to dismiss **(ECF No. 9)** in this case, 19-cv-60911-RNS, and the nearly identical motion to dismiss filed in the companion case, 19-cv-60912-RNS (**ECF No. 10**). The Plaintiffs' complaints are **dismissed** with prejudice. The Clerk is directed to **close** Case No. 19-cv-60911-RNS and 19-cv-90612-RNS. All pending motions are denied as **moot**.

**Done and ordered** at Miami, Florida, on July 3, 2019.

_____
Robert N. Scola, Jr.
United States District Judge